IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK THOMAS DONOVAN, | No. C 07-2240 WHA (PR) |
| Plaintiff, | **DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| BAY AREA COMMUNITY RESOURCE DAY TREATMENT PROGRAM and JOSE LUIS GOMEZ, | |
| Defendants. | |

Plaintiff, an inmate of the Marin County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also requests leave to proceed in forma pauperis.

## DISCUSSION

**A. STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

///

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.[1]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff was in a program at the Marin County Jail called "Bay Area Community Resource Day Treatment Program" ("BACR"). He identifies it as a "County of Marin agency." Defendant Gomez is the "staff manager." Plaintiff contends that Gomez told a BACR conflict resolution committee consisting of three inmates that plaintiff had abruptly stopped taking his mental health medication, rather than tapering off, and was refusing to take the medication. Plaintiff wrote a grievance objecting to what he viewed as the release of private medical information, and was shortly thereafter expelled from the BACR program and moved to a

---

[1] *Bell Atlantic Corp.* disapproved the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41 (1957). *Conley* had stated "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. *Bell Atlantic Corp.* decided that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp*, 127 S. Ct. at 1969.

2

1  different housing unit. He contends that was in retaliation for his grievance.

2  Prisoners may not be retaliated against for using grievance procedures. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Plaintiff has not, however, alleged that defendant Gomez had any role in the retaliatory actions, and as to defendant BARC itself, has not alleged that the actions taken against him were pursuant to a policy or practice of that county agency. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Nor has he alleged that there was no legitimate penological purpose to the actions, something which it is his burden to plead. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). For these reasons the compliant will be dismissed with leave to amend.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October  15 , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\DONOVAN240.DWLTA.wpd